**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**LAURA DAVIS,**

       Plaintiff,

**vs.**                                          **CASE NO. 2018-25361-Civ-Scola**

**DELTA AIRLINES, INC**., a foreign
Limited liability company,

       Defendant.

_____/

## AMENDED COMPLAINT

     Plaintiff, **LAURA DAVIS** ("Plaintiff"), by and through the undersigned counsel and

pursuant to the Americans with Disabilities Act, 42 U.S.C. §12112, *et seq.*, (1990) (ADA), as

amended by the Americans with Disabilities Amendments Act (ADAA), Rehabilitation Act of

1973, 29 U.S.C. §504, (1988), the Family and Medical Leave Act of 1993, §2601 *et seq.*

("FMLA"), New York State Human Rights Law §296 (NYHRL), and the Administrative Code

of the City of New York, Title 8 (NYCHRL), hereby sues the Defendant, **DELTA AIRLINES,**

**INC.** ("Defendant") and as grounds states the following:

     1.      Plaintiff was at all times material an employee of Defendant. On October 19, 2017,

Defendant unlawfully retaliated against and terminated Plaintiff from her position as Purser and

Flight Leader due to Defendant's unlawful discriminatory employment practices on the basis of

Plaintiff's disability, to wit: head trauma, back injury, and medical/leave.

     2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 under the ADA, as

amended and the FMLA.  The Court has supplemental jurisdiction pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367.

3.    At all times material hereto, Defendant was a foreign licensed corporation and doing business as DELTA AIRLINES, INC., at Miami International Airport, LaGuardia Airport, and John F. Kennedy, Jr. Airport in the states of Florida and New York. Defendant also has more than fifty (50) employees.

4.    Plaintiff exhausted her administrative remedies and otherwise complied with all conditions precedent to the filing of this action, including, the filing of her complaint with the Equal Employment Opportunity Commission (EEOC) in November 2017. (See attached copy of notice Exhibit "A").   Plaintiff received a Notice of Dismissal and Notice of Rights containing the Plaintiff's right to sue within ninety days of receipt of said dismissal and notice of rights. (See Attached Exhibit "B").

5.    This Court has original and supplemental jurisdiction, in Florida and New York over the Defendant as the Defendant is a corporation that conducts, operates and carries on business in the State of Florida and New York as a corporation licensed and doing business in Florida and New York and has committed unlawful acts in Florida and New York and has conducted substantial, and not isolated activities within the State of Florida and New York.

## FACTUAL BACKGROUND

6.    At all times material, Plaintiff, LAURA DAVIS was a resident of New York, Kings County and Miami, Florida, Miami-Dade County.

7.    Around June 21, 1996 Defendant hired Plaintiff for a flight attendant position based at and flying out of Defendant's LaGuardia Airport and John F. Kennedy, Jr. (JFK) Airport

2

operations in Queens, New York to London, England.

8.       Plaintiff was a resident of New York, Kings County until around November 2017, when Plaintiff became a permanent resident of Florida.

9.       At all times material, Plaintiff commuted to work and maintained her personal belongings in her locker at JFK airport.

10.      Around October 25, 2016, while reporting for duty at the GRU airport in San Paulo, Brazil, Plaintiff suffered a severe On the Job Injury (OJI) when Plaintiff slipped and fell hitting the back of her head, resulting in severe head trauma, loss of memory, joint and musculoskeletal injuries. Plaintiff's OJI resulted in an impairment substantially limiting one or more of life's major activities.

11.      Plaintiff's OJI exacerbated any of Plaintiff's previous mental health condition that Defendant had a record of and also qualifies as a disability under the ADA.

12.      Defendant regarded Plaintiff as having an impairment, there is a record of impairment that substantially limited one or more of life's major activities which qualifies as a disability in accordance with the ADA.

13.      Plaintiff suffered and continues to suffer from the aforementioned medical conditions that qualifies as a disability in accordance with the ADA.

14.      Consequently, Plaintiff was out on FMLA leave for several months and Plaintiff obtained Worker's Compensation benefits in New York for her OJI.

15.      Defendant failed to give Plaintiff any form of assistance with her OJI including her worker's compensation, FMLA and ADA rights leaving Plaintiff uninformed.

16.      Additionally, while Plaintiff was out on medical leave, unbeknownst to Plaintiff,

Defendant made significant changes to its policies and procedures.

17.     Defendant failed to inform or train Plaintiff of the aforementioned changes upon Plaintiff's return to her position.

18.     Plaintiff returned to work where she was subsequently discriminated and retaliated against on the basis of her disability and for exercising her rights in taking FMLA leave.

19.     Defendant has a 100% return-to-work policy that requires employees to return to work without restrictions.

20.     Between the end of Plaintiff's FMLA leave and May, 2017, Plaintiff could not return to work without restrictions, Defendant failed to inform Plaintiff of her rights. However, Plaintiff needed and requested a reasonable accommodation due to obtain treatment for flare-ups and symptoms related to Plaintiff' qualified disabilities.

21.     Defendant retaliated against Plaintiff for exercising her rights and failed to engage in the interactive process for a reasonable accommodation request by reprimanding Plaintiff for "Managed Time Outs" in her file related to her disability.

22.     On Plaintiff's first day back to work, Defendant's employee and Plaintiff's supervisor, Vikas George (hereinafter "George") confronted Plaintiff for her Managed Time Outs while she was out on medical leave.

23.     Defendant did not reprimand or question similarly situated employees for unexplained absences in their file.

24.     Defendant discriminated against and retaliated against Plaintiff on the basis of her disability, for requesting a reasonable accommodation, and for taking FMLA leave.

25.     Defendant subjected Plaintiff to a hostile work environment on the basis of her

disability.

26.     Shortly thereafter, Defendant's Department base Director, Maritza Evans (hereinafter "Evans") received Plaintiff's complaint of Defendant's employee's discriminatory and retaliatory treatment and Evans asked to meet with Plaintiff.   During this meeting, Plaintiff informed Evans of Defendant's discriminatory treatment on the basis of her disability, failure to accommodate, and retaliation for exercising her rights under the FMLA and ADA.

27.     Although Defendant's employee Evans's intimated to Plaintiff that she would investigate Plaintiff's complaints, Defendant failed to take any remedial measures and subjected Plaintiff to a hostile work environment and further retaliation on the basis of her disability.

28.     Approximately one month later, Defendant's employee, New York based Manager, Bernard Rawls (hereinafter "Rawls") whom supervises George and Plaintiff, incessantly called Plaintiff to ambiguously inform Plaintiff of a complaint he received on July 30, 2017 of Plaintiff mishandling her "Fast Track Cards."

29.      Plaintiff informed Rawls that she had not been informed of the change in policy while she was out on leave but that she would comply immediately if she made an error.

30.     Defendant retaliated against Plaintiff for engaging in a protected activity by making a complaint of discrimination and retaliation on the basis of her disability.

31.     Defendant subjected Plaintiff to a hostile work environment on the basis of her disability and for making a complaint of discriminatory and retaliatory treatment for exercising her rights.

32.     Around September 19, 2017, less than four months of Plaintiff's complaint and return to work from exercising her rights, at JFK airport, Defendant's employee and manager,

Rawls and New York based Human Resources Manager, Emily Langholz unlawfully suspended Plaintiff without pay for the use/issuance of her "Buddy Passes" in 2014 and 2015 related to travel between Tel Aviv and JFK airport.

33.     After approximately 21 years of employment with Defendant and only several months from Plaintiff's return from medical leave, this was the first time Defendant raised the issue of Plaintiff's buddy passes to her or any of Defendant's similarly situated employees.

34.     Defendant had never previously issued Plaintiff any type of reprimand or warning which as per Defendant's policy is supposed to precede any suspension notice.

35.     Plaintiff felt shocked, singled out, embarrassed, helpless and treated unfairly on the basis of her disability, request for a reasonable accommodation and exercise of her FMLA rights.

36.     Defendant violated their own policies by not giving Plaintiff any previous warnings due to alleged misconduct or performance before suspension.

37.     From the morning of September 20, 2017 to October 19, 2017, Defendant's employees, George and Rawls incessantly called Plaintiff inquiring about the use of her "Buddy Passes" and whether she remembered anything.

38.     Defendant subjected Plaintiff to a hostile work environment.

39.     Plaintiff repeatedly told George and Rawls that she did nothing wrong, that she should not have been suspended, and to stop harassing her because she was in pain, suffering from her disability and related medical condition which they were aware of.

40.     Approximately five days before the anniversary date of Plaintiff's OJI, Defendant unlawfully terminated Plaintiff.

41.     On October 19, 2017, upon Plaintiff's arrival to Ft. Lauderdale airport from JFK,

George and Rawls took Plaintiff to the lunch breakroom where other agents were also seated to unlawfully terminate Plaintiff for the pretextual reason of misusing her Buddy Passes in 2014 to 2015.

42.     Despite Plaintiff's documentation proving her legitimate use of Buddy Passes, Defendant unlawfully retaliated against Plaintiff and gave her the option of resigning within 24 hours or accepting the termination notice.

43.     The Defendant's reasoning for terminating Plaintiff were merely pretextual and instead for a more sinister motive, the Plaintiff's disability and the exercising of her FMLA rights.

44.     To date, Defendant has yet to return Plaintiff's personal belongings from her locker in JFK.

45.     Plaintiff felt extremely degraded, victimized, humiliated, and emotionally distressed.

46.     Defendant's employees' Tanya Morgan, IFS Director in New York and Senior Human Resources Manager for the Northeast Region reviewed and denied Plaintiff's appeal and request for reinstatement.

47.     Defendant discriminated against and retaliated against Plaintiff on the basis of her disability, for exercising her FMLA rights, by taking leave and asking for reasonable accommodations under the ADA upon return from leave and for having complained of discrimination on the basis of her disability and reasonable accommodation requests.

48.     Defendant's unlawful conduct interferes and dissuades employees from exercising FMLA rights.  Defendant previously retaliated against and unlawfully terminated employees that exercised their FMLA rights that one male employee died from malaria while en route to

his base in Barcelona and another flight attendant died from suicide.

49.     Defendant's discriminatory and retaliatory conduct was so unfair and extreme, that it caused emotional severe emotional distress, aggravated anxiety/depression, both financial emotional harm and the conduct was willful, intentional, and designed to and in fact did and continues to harm Plaintiff.

50.     Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

51.     Defendant's actions constituted a continuing violation under the applicable federal, state, and city laws.

52.     The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

## COUNT I: DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §§12101, ET SEQ. (1990)

Plaintiff, **LAURA DAVIS**, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 52 as if set forth fully herein.

53.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her federal rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq*., as amended to include the remedies in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a.

54.     Plaintiff is disabled within the meaning of 42 U.S.C. § 12101, *et seq*. (1990), as amended, in that she suffered from the medical conditions heretofore described, which impaired her brain, nervous and muscular systems and was substantially limited in one or more of life's

major activities.   Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

55.    Defendant is an employer within the meaning of 42 U.S.C. §12101, *et seq*.

56.    At all times material hereto, Defendant was aware of Plaintiff's disability and failed to accommodate her reasonable accommodation requests.

57.    Defendant failed to engage in the interactive process after the expiration of Plaintiff's FMLA leave and need for reasonable accommodation.

58.    The Plaintiff's disability and exercise of her rights was the motivating factor in the Defendant's decision to unlawfully discriminate against the Plaintiff based on her disability. She was being paid for time and was seeking accommodations that the Defendant did not want to continue including allowing the Plaintiff to choose her schedule, and being paid at a higher rate than other stewards.   Instead of accommodating Plaintiff's reasonable accommodation request based on her disability, Defendant falsely accused Plaintiff to terminate the Plaintiff rather than continue the accommodation and pay rate.

59.    Plaintiff could perform the essential functions of her position with or without reasonable accommodations.

60.    Defendant failed to inform or train Plaintiff of the Defendant's policy and procedure changes upon Plaintiff's return to her position and reprimanded her for not adhering to them.

61.    Defendant discriminated against Plaintiff by wrongfully denying her requests for a reasonable accommodation, failing to train her, reprimanding her, by placing her on suspension without pay and terminating her employment.

62.    Plaintiff is protected against discrimination under the ADA.

63.     Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

64.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

      a.     Declare that Defendant unlawfully discriminated against Plaintiff in violation of the ADA;

      b.     Issue an order prohibiting further discrimination;

      c.     Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a;

      d.     Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. §1981a and applicable statutes; and

      e.     Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## COUNT II: RETALIATION UNDER AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §§12101, ET SEQ. (1990)

Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

65.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her federal rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq*., as amended to include the remedies in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a.

10

66.     Plaintiff is disabled within the meaning of 42 U.S.C. § 12101, *et seq*. (1990), as amended, in that she suffered from the medical conditions heretofore described, which impaired her brain, nervous and muscular systems and was substantially limited in one or more of life's major activities.   Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

67.     Defendant is an employer within the meaning of 42 U.S.C. §12101, *et seq*.

68.     Following and as a result of Plaintiff's request for reasonable accommodation, Defendant retaliated against Plaintiff by instead reprimanding Plaintiff for taking time off, accusing Plaintiff of violating company policy, suspending Plaintiff without pay and unlawfully terminating Plaintiff's employment.

69.     She was being paid for time and was seeking accommodations that the Defendant did not want to continue including allowing the Plaintiff to choose her schedule, and being paid at a higher rate than other stewards.

70.     Upon information and belief, Defendant has a policy in place wherein "pay anniversary adjustment will be adjusted after 12 months of continuous absence resulting from a disability."

71.     Instead of accommodating Plaintiff's reasonable accommodation request based on her disability, Defendant falsely accused Plaintiff to terminate the Plaintiff rather than continue the accommodation and pay rate.

72.     Defendant failed entirely to allow the Plaintiff to provide documentation of her pass users, failed to review the materials or wrongfully ignored the proper use, so that the Defendant could use the "violation" as an excuse for termination.

11

73.     Defendant's retaliation against Plaintiff was willful or with reckless indifference to her protected rights.

74.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

a.      Declare that Defendant unlawfully discriminated against Plaintiff in violation of the ADA;

b.      Issue an order prohibiting further discrimination;

c.      Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a;

d.      Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. §1981a and applicable statutes; and

e.      Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## COUNT III: INTERFERENCE AND RETALIATION UNDER FAMILY AND MEDICAL LEAVE ACT – 29 U.S.C. § 2601 ET SEQ.

75.     Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 52 as if set forth fully herein.

76.     Defendant employed 50 or more employees within a 75-mile radius within 12 months before Defendant terminated Plaintiff and was required to comply with the FMLA.

77.     Plaintiff was an eligible employee of Defendant pursuant to and within the meaning of 29 U.S.C. §2611(2), in that she worked for Defendant for at least 12 months and 1,250 hours

during the previous 12-month period.

78.     At all times material, Plaintiff suffered from one or more serious health conditions, qualified under the ADA requiring Plaintiff to miss work to receive medical treatment as she was entitled to do pursuant to the FMLA.

79.     Plaintiff exercised or attempted to exercise her FMLA rights by requesting medical leave for one or more of her serious health conditions within the 12 months before her discharge.

80.     Defendant's 100% return-to-work policy that requires employees to return to work without restrictions interferes with the exercise of Plaintiff's rights.

81.     Within approximately four months of Plaintiff exercising her rights and returning to work from FMLA leave, Defendant suspended Plaintiff without pay for pretextual reasons.

82.     Defendant's reasons were pretextual because Defendant's investigation into Plaintiff's Buddy Pass use was from 2014 and 2015, two to three years prior to Plaintif exercising her FMLA rights.

83.     Defendant's significant delay in the decision to investigate, suspend, and terminate Plaintiff until after Plaintiff exercised her rights under the FMLA creates a strong presumption that the decision to terminate Plaintiff was due to taking FMLA.

84.     Further, Defendant did not return Plaintiff to the same position she held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment is required by 29 C.F.R. §825.214.

85.     Defendant therefore failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise interfered with, restrained or denied Plaintiff's exercise of or the attempt to exercise her rights under the FMLA, in direct violation of 29 U.S.C. §2615 *et seq.*

13

86.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

87.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

a.      Enter a judgment that Defendant's termination of Plaintiff was in violation of the FMLA (29 U.S.C. §2615 *et seq.*;

b.      Enjoin and permanently restrain Defendant from further violations of the FMLA;

c.      Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position, with back pay plus interest, pension rights and all benefits or, in the alternative enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A) against the Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violation of the FMLA;

d.      Enter a judgment pursuant to 29 U.S.C. §2617(a) against the Defendant and in favor of Plaintiff for all damages, including liquidated damages, interest, reasonable attorney's fees and costs incurred by Plaintiff for this action;

e.      Award any additional relief to which she is entitled.

## COUNT IV: FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW §296 ET SEQ.

88.     Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

89.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the New York State Executive Law (NYHRL) §296 *et seq.*, to include remedies in Executive Law §297.

90.     At all times material hereto, Defendant was an employer and a covered entity under the NYHRL.

91.     At all times material hereto, Plaintiff was an employee of the Defendant under the NYHRL.

92.     Plaintiff is a qualified individual with a disability as defined in the NYHRL in that she suffered from the medical conditions as heretofore described, which impaired her nervous and muscular systems, and was substantially limited in one or more of life's major activities. Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

93.     Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

94.     At all times material hereto, Defendant was aware of Plaintiff's disability and failed to accommodate her reasonable accommodation requests.

95.     The Plaintiff's disability was the motivating factor in the Defendant's decision to unlawfully discriminate against the Plaintiff based on her disability. She was being paid for time and was seeking accommodations that the Defendant did not want to continue including allowing the Plaintiff to choose her schedule, and being paid at a higher rate than other stewards.   Instead of accommodating Plaintiff's reasonable accommodation request based on her disability, Defendant falsely accused Plaintiff to terminate the Plaintiff rather than continue the accommodation and pay rate.

96.     Defendant failed to inform or train Plaintiff of the Defendant's policy and procedure changes upon Plaintiff's return to her position and reprimanded her for not adhering to them.

97.     Defendant discriminated against Plaintiff by wrongfully denying her requests for a reasonable accommodation, failing to train her, reprimanding her, by placing her on suspension

15

without pay and terminating her employment.

98.     Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disabilities along with failing to provide Plaintiff with a reasonable accommodation and subjecting Plaintiff to a hostile work environment Plaintiff based on her membership in the aforementioned protected class.

99.     Plaintiff is protected against discrimination under the NYHRL.

100.     Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

101.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

> a.     Declare that Defendant unlawfully discriminated against Plaintiff in violation of the NYHRL; and
>
> b.     Issue an order prohibiting further discrimination; and
>
> c.     Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in Executive Law §297 et seq.;
>
> d.     Award Plaintiff all compensatory and punitive damages provided for in New York Executive Law §297(9); and
>
> e.     Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

**COUNT V: FOR RETALIATION UNDER
NEW YORK STATE LAW §296 ET SEQ.**

16

102.   Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

103.   This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the New York State Executive Law (NYHRL) §296 *et seq.*, to include remedies in Executive Law §297.

104.   At all times material hereto, Defendant was an employer and a covered entity under the NYHRL.

105.   At all times material hereto, Plaintiff was an employee of the Defendant under the NYHRL.

106.   Plaintiff is a qualified individual with a disability as defined in the NYHRL in that she suffered from the medical conditions as heretofore described, which impaired her nervous and muscular systems, and was substantially limited in one or more of life's major activities. Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

107.   Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

108.   At all times material hereto, Defendant was aware of Plaintiff's disability and failed to accommodate her reasonable accommodation requests.

109.   The Plaintiff's disability was the motivating factor in the Defendant's decision to unlawfully discriminate against the Plaintiff based on her disability. She was being paid for time and was seeking accommodations that the Defendant did not want to continue including allowing the Plaintiff to choose her schedule, and being paid at a higher rate than other stewards.   Instead

17

of accommodating Plaintiff's reasonable accommodation request based on her disability, Defendant falsely accused Plaintiff to terminate the Plaintiff rather than continue the accommodation and pay rate.

110.   Defendant failed to inform or train Plaintiff of the Defendant's policy and procedure changes upon Plaintiff's return to her position and reprimanded her for not adhering to them.

111.   Defendant retaliated against Plaintiff for exercising her protected rights based on disability by wrongfully denying her requests for a reasonable accommodation, failing to train her, reprimanding her, by placing her on suspension without pay and terminating her employment.

112.   Plaintiff is protected against discrimination under the NYHRL.

113.   Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

114.   Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

a.   Declare that Defendant unlawfully discriminated against Plaintiff in violation of the NYHRL; and

b.   Issue an order prohibiting further retaliation; and

c.   Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in Executive Law §297, *et seq.*;

18

     d.   Award Plaintiff all compensatory and punitive damages provided for in New York Executive Law §297(9); and

     e.   Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## COUNT VI: FOR DISCRIMINATION AND INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

115.    Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

116.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her rights under the New York City Administrative Code Title 8, (§§8-107 *et seq.*).

117.    At all times material hereto, Defendant was an employer and a covered entity under the New York City Administrative Code Title 8.

118.    At all times material hereto, Plaintiff was an employee of the Defendant under the New York City Administrative Code Title 8.

119.    Plaintiff is a qualified individual with a disability as defined in the New York City Administrative Code §§8-101 *et seq.* in that she suffered from the medical conditions as heretofore described, which impaired her nervous and muscular systems, and was substantially limited in one or more of life's major activities.   Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

120.    Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

121.    At all times material hereto, Defendant was aware of Plaintiff's disability,

19

intimidated Plaintiff for taking medical leave and failed to accommodate her reasonable accommodation requests.

122. The Plaintiff's disability was the motivating factor in the Defendant's decision to unlawfully discriminate against the Plaintiff based on her disability. She was being paid for time and was seeking accommodations that the Defendant did not want to continue including allowing the Plaintiff to choose her schedule, and being paid at a higher rate than other stewards. Instead of accommodating Plaintiff's reasonable accommodation request based on her disability, Defendant falsely accused Plaintiff to terminate the Plaintiff rather than continue the accommodation and pay rate.

123. Defendant failed to inform or train Plaintiff of the Defendant's policy and procedure changes upon Plaintiff's return to her position and reprimanded her for not adhering to them.

124. Defendant discriminated against Plaintiff by wrongfully denying her requests for a reasonable accommodation, failing to train her, reprimanding her, by placing her on suspension without pay and terminating her employment.

125. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disabilities along with failing to provide Plaintiff with a reasonable accommodation and subjecting Plaintiff to a hostile work environment Plaintiff based on her membership in the aforementioned protected class.

126. Plaintiff is protected against discrimination under the New York City Administrative Code Title 8.

127. Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

128.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

a.    Declare that Defendant unlawfully discriminated against Plaintiff in violation of the New York City Administrative Code Title 8; and

b.    Issue an order prohibiting further discrimination; and

c.    Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in New York City Administrative Code Title 8;

d.    Award Plaintiff all compensatory and punitive damages provided for in New York City Administrative Code Title 8; and

e.    Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## COUNT VII: FOR RETALIATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

129.    Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

130.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her rights under the New York City Administrative Code Title 8, (§§8-107 *et seq.*).

131.    At all times material hereto, Defendant was an employer and a covered entity under the New York City Administrative Code Title 8.

132.    At all times material hereto, Plaintiff was an employee of the Defendant under the

New York City Administrative Code Title 8.

133.   Plaintiff is a qualified individual with a disability as defined in the New York City Administrative Code §§8-101 *et seq.* in that she suffered from the medical conditions as heretofore described, which impaired her nervous and muscular systems, and was substantially limited in one or more of life's major activities.   Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

134.   Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

135.   The Plaintiff's disability and complaints of disability discrimination were motivating factors in the Defendant's decision to unlawfully retaliate against the Plaintiff based on her disability. She was being paid for time and was seeking accommodations that the Defendant did not want to continue including allowing the Plaintiff to choose her schedule, and being paid at a higher rate than other stewards.   Defendant falsely accused Plaintiff to terminate the Plaintiff rather than continue the accommodation and pay rate.

136.   Defendant failed to inform or train Plaintiff of the Defendant's policy and procedure changes while she was on leave nor upon Plaintiff's return to her position and reprimanded her for not adhering to them.

137.   Defendant suspended Plaintiff without pay within a few months of Plaintiff's written complaint of discriminatory treatment for exercising her rights based on her disability and terminated Plaintiff within approximately four months of her written complaint of discriminatory treatment for exercising her rights.

138.     Defendant engaged in an unlawful discriminatory and retaliatory practice because of Plaintiff's disabilitiy along with failing to provide Plaintiff with a reasonable accommodation and subjecting Plaintiff to a hostile work environment based on her membership in the aforementioned protected class.

139.     Plaintiff is protected against discrimination under the New York City Administrative Code Title 8.

140.     Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

141.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

   a.     Declare that Defendant unlawfully discriminated against Plaintiff in violation of the New York City Administrative Code Title 8; and

   b.     Issue an order prohibiting further discrimination; and

   c.     Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in New York City Administrative Code Title 8;

   d.     Award Plaintiff all compensatory and punitive damages provided for in New York City Administrative Code Title 8; and

   e.     Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

### COUNT VIII: FOR SUPERVISORY LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

142.    Plaintiff, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

143.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her rights under the New York City Administrative Code Title 8, (§§8-107 *et seq.*).

144.    At all times material hereto, Defendant was an employer and a covered entity under the New York City Administrative Code Title 8.

145.    At all times material hereto, Plaintiff was an employee of the Defendant under the New York City Administrative Code Title 8.

146.    Plaintiff is a qualified individual with a disability as defined in the New York City Administrative Code §§8-101 *et seq.* in that she suffered from the medical conditions as heretofore described.

147.    Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

148.    Defendant's employees and supervisors, George and Rawls failed to inform or train Plaintiff of the Defendant's policy and procedure changes while she was on leave nor upon Plaintiff's return to her position and reprimanded her for not adhering to them.

149.    Defendant engaged in an unlawful discriminatory and retaliatory practice because of Plaintiff's disability along with failing to provide Plaintiff with a reasonable accommodation and subjecting Plaintiff to a hostile work environment based on her membership in the aforementioned protected class.

150.    Defendant's employees and supervisors, George and Rawls retaliated against

Plaintiff for exercising her protected rights by suspending her without pay and terminating her employment for pretextual reasons and within temporal proximity to her complaint of discriminatory treatment based on her disability.

151.   Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury, and requests this Court to:

      a.     Declare that Defendant unlawfully discriminated against Plaintiff in violation of the New York City Administrative Code Title 8; and

      b.     Issue an order prohibiting further discrimination; and

      c.     Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in New York City Administrative Code Title 8;

      d.     Award Plaintiff all compensatory and punitive damages provided for in New York City Administrative Code Title 8; and

      e.     Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## CONCLUSION

**WHEREFORE,** the Plaintiff seeks the following relief:

1.     Restoring the Plaintiff to her employment related benefits;

2.     Awarding front pay as warranted under the circumstances of this case;

3.     Awarding all unpaid wages and other entitlements consisting of damages in the form of back pay due to the Plaintiff; and front pay;

4.    Awarding benefits, costs and reasonable attorneys' fees;

5.    Compelling Plaintiff's reinstatement by Defendant to her former position

of employment with **DELTA AIRLINES, INC.**

6.    Liquidated, Punitive and/or exemplary damages as order able pursuant to

Statutes; and

7.    Awarding the Plaintiff all the relief that this Court deems to be equitable

and just.

8.    Trial by jury on all issues so triable.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 18, 2019, the foregoing was filed using the CM/ECF

filing system and the Clerk of the District Court will serve the Defense Attorneys including Carol

Fields at    cfield@morganlewis.com, pbecerra@morganlewis.com.

Respectfully submitted on 18 of June 2019.

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite 601
Miami, Florida 33130
Tel: (305) 529-1040
Email: richard@caldwell.legal
yadira@caldwell.legal  caldwelllaw@bellsouth.net


By:____//S//Richard J. Caldwell_____
        Richard J. Caldwell, Esq.
        Florida Bar No. 825654