United States District Court
for the
Southern District of Florida

| Laura Davis, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) Civil Action No. 18-25361-Civ-Scola |
| | ) |
| Delta Airlines, Inc., Defendant. | ) |

### Order on Defendant's Motion to Dismiss

This matter is before the Court on Defendant's motion to dismiss the Plaintiff's complaint. (ECF No. 32.) The Plaintiff filed an opposition (ECF No. 37) and the Defendant timely replied (ECF No. 47.) Having considered the record, the parties' submissions, and the applicable law, the Court **grants** the Defendant's motion. (**ECF No. 32**.)

### I. Background

Plaintiff Laura Davis is a Purser and Flight Leader for Defendant Delta Airlines. (ECF No. 31 at ¶ 1.) On October 16, 2016, while reporting for work, Davis slipped and fell, hitting the back of her head. (*Id.* at ¶ 10.) This injury resulted in severe head trauma, loss of memory, joint and musculoskeletal injuries, and substantially limited one or more of life's major activities. (*Id.*) The accident also exacerbated Davis' previous mental health condition. (*Id.* at ¶ 11.)

After the accident, Davis took leave pursuant to the Family and Medical Leave Act (FMLA) for several months. (*Id.* at ¶ 14.) Davis alleges that she returned to work "where she was subsequently discriminated and retaliated against on the basis of her disability and for exercising her rights in taking FMLA leave." (*Id.* at ¶ 18.) The Plaintiff could not return to work "without restrictions." (*Id.* at ¶ 20.) Therefore, Plaintiff requested a reasonable accommodation "to obtain treatment for flare-ups and symptoms related to Plaintiff's qualified disabilities." (*Id.* at ¶ 20.) These accommodations included allowing Plaintiff "to choose her schedule and being paid at a higher rate than other stewards." (*Id.* at ¶ 58.)

On Davis' first day back at work, her supervisor confronted her about her "Managed Time Outs" while she was out on medical leave. (*Id.* at ¶ 22.) The Plaintiff complained about the discriminatory and retaliatory treatment. (*Id.* at ¶ 26.) Approximately one month later, a New York based Manager "incessantly" called Davis to ask her about a complaint he received about the Plaintiff mishandling her "Fast Track Cards." (*Id.* at ¶ 28.) The Plaintiff claims that this was a hostile work environment. (*Id.* at ¶ 31.)

On September 19, 2017, Plaintiff's manager, Bernard Rawls, and Human Resources Manager, Emily Langholz, suspended Davis without pay for misuse of her "Buddy Passes" in 2014 and 2015. (*Id.* at ¶ 6.) On October 19, 2017, Rawls and Vikas George, Davis' supervisor, terminated Davis for the "pretextual reason of misusing her Buddy Passes." (*Id.* at ¶ 41.)

The Plaintiff now brings suit against the Defendant for discrimination and retaliation under the ADA, interference and retaliation under the FMLA, and various state law claims. (ECF No. 31.) The Defendant moves to dismiss the Plaintiff's complaint in its entirety.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

## III. Analysis

### A. Count I – Discrimination and Failure to Accommodate under ADA

The Defendant moves to dismiss Count I arguing that the Plaintiff's complaint fails to allege well pleaded facts demonstrating that the Plaintiff is disabled and was terminated because of her disability. (ECF No. 32 at 4-5.) The

Plaintiff disagrees and responds by arguing that she has indeed alleged enough facts to state a claim for discrimination under the ADA. (ECF No. 37 at 11.)

To state a claim for discrimination under the ADA, a plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated [against] by such entity; (3) by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (internal citations and quotations omitted). The ADA only protects "qualified individuals" with disabilities, whom the Act defines as individuals who "can perform the essential functions of the employment positions that such individual holds or desires" with or without a reasonable accommodation. 28 U.S.C. § 12111(8). "If the individual is unable to perform an essential function of his . . . job, even with an accommodation, he is, by definition, not a qualified individual and, therefore, not covered under the ADA." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005).

The Plaintiff has failed to set forth allegations demonstrating that she was able to perform her job functions with or without accommodation. The Plaintiff alleges that she "could not return to work without restrictions." (ECF No. 31 at ¶ 20.) She fails to allege her job functions or what these "restrictions" entail. In fact, it appears she likely *could not* perform her job functions without an accommodation. Moreover, even assuming that she was able to perform her job functions, the Plaintiff fails to allege facts showing that the Defendant engaged in discrimination because of her disability. The complaint does not include facts supporting the conclusory allegations that her supervisors were aware of her disability or that her disability was a "determinative factor[] in the termination decision." *See Andrews v. City of Hartford*, 700 F. App'x 924, 927 (11th Cir. 2017) (affirming dismissal of complaint where plaintiff failed to allege facts giving rise to an inference of disability discrimination). "[S]he made only the conclusory statement that [she] was fired because of [her] disability, which [is] not sufficient to state a discrimination claim." *Id.*

Count I also seems to assert a claim of discrimination based on the Defendant's failure to provide a reasonable accommodation to the Plaintiff. "An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide reasonable accommodations for the disability—unless doing so would impose undue hardship on the employer." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (citing 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a)). "An accommodation can qualify as reasonable . . . only if it enables the employee to perform the essential functions of the job." *Id.* (citations omitted).

The Plaintiff has failed to set forth a reasonable accommodation or allege that the accommodation would allow her to perform the job's essential functions. The complaint does not put forth any information regarding the Plaintiff's job responsibilities or essential job functions. The alleged "accommodation" of allowing Plaintiff to choose her own schedule and paying her at a higher rate are not reasonable under the circumstances. The Plaintiff does not explain why she would be paid at a higher rate than other stewards. And the Court cannot evaluate the accommodation of allowing the Plaintiff to choose her own schedule without information regarding how the shifts are chosen or Plaintiff's job functions. Accordingly, the Court dismisses Count I.

### B. Count II – Retaliation under ADA

The Defendant moves to dismiss Count II for retaliation under the ADA because the Plaintiff has failed to establish that the adverse action was causally related to the protected activity. (ECF No. 32 at 15.) To assert a claim for retaliation under the ADA, a plaintiff must demonstrate that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse . . . action, and (3) the adverse action was causally related to the protected expression." *Shotz*, 344 F.3d at 1180. "To prove a causal connection, we require a plaintiff only to demonstrate that the protected activity and the adverse action were not *wholly unrelated*." *Id.* at 1180 n.30. "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal activity, without more, must be very close. A three or four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

The Court finds that the Plaintiff has failed to allege sufficient facts to support her contention that her termination is causally related to her request for an accommodation. The complaint alleges that "[b]etween the end of Plaintiff's FMLA leave and May 2017, Plaintiff could not return to work without restrictions . . . However, Plaintiff needed and requested a reasonable accommodation[.]" (ECF No. 31 at ¶ 20.) On October 18, 2017, she was terminated. (ECF No. 31 at ¶ 41.) Based on those allegations, the closest temporal proximity between the two events is five months. These allegations alone are insufficient to establish a causal link between her termination and request for an accommodation. Accordingly, the Court dismisses Count II.[1]

---

[1] The Defendant also argues that the Plaintiff cannot sustain a claim for retaliation based on allegations that she was terminated after making a discrimination complaint. (ECF No. 32 at 18.) While this theory of retaliation is

### C. Count III – Interference and Retaliation under FMLA

The Defendant moves to dismiss Count III arguing that the Plaintiff has failed to sufficiently allege facts to establish a claim under the FMLA. "The FMLA creates two types of claims to preserve and enforce the rights it creates: interference claims, in which an employee asserts that his employer denied or otherwise interfered with [her] substantive rights under the Act, and retaliation claims, in which an employee asserts that [her] employer discriminated against [her] because he engaged in activity protected by the Act." *Brisk v. Shoreline Found, Inc.*, 654 F. App'x 415, 416 (11th Cir. 2016). "To prove FMLA interference, an employee must demonstrate that he was denied a benefit to which he was entitled under the FMLA." *Martin v. Brevard Cty. Public Schools,* 543 F.3d 1261, 1266-67 (11th Cir. 2008). "To establish a claim of FMLA retaliation, an employee must demonstrate that [her] employer intentionally discriminated against [her] for exercising a right guaranteed under the FMLA." *Brisk,* 654 F. App'x at 416. To establish a prima facia case of FMLA retaliation, an employee must show that "(1) [she] engaged in statutorily protected activity; (2) [she] suffered an adverse decision, and (3) the decision was causally related to the protected activity." *Id.* Like in the ADA context, close temporal proximity can be used to show a causal connection between the adverse action and the employee's protected conduct. *Id.* "The Supreme Court has indicated that the temporal proximity between the employer's knowledge of protected activity and an adverse action must be very close." *Id.*

Here, the Plaintiff cannot assert a claim for interference. There are no allegations that she was entitled to a benefit which she was then denied. *See Penaloza v. Target Corp.*, 549 F. App'x 844, 847 (11th Cir. 2013) ("An employee claiming interference must show she was entitled to a benefit that she was denied."). According to the complaint, the Plaintiff took FMLA leave and returned to work. (ECF No. 31 at ¶ 14.) Thus, she cannot allege that the Defendant interfered with her right to take leave.

Regarding the Plaintiff's claim of retaliation, the Plaintiff argues that "[t]he temporal proximity" between the Defendant's retaliatory conduct and "her return from taking FMLA and perhaps intermittent leave is enough at this stage of the litigation." (ECF No. 37 at 23.) The Plaintiff's suspension took place four months

---

mentioned in paragraph 26 of the complaint, it is not mentioned in Count II. Count II expressly alleges that "[f]ollowing and as a result of Plaintiff's request for reasonable accommodation, Defendant retaliated against Plaintiff[.]" (ECF No. 31 at ¶ 68.) There is no reference to the alleged complaint made by Plaintiff. Accordingly, the Court will not construe Count II as a claim for retaliation based on the Plaintiff's alleged discrimination complaint.

after returning from leave and her termination occurred after five months. (*Id.* at ¶¶ 20, 81, 83.) As discussed above, this alone is insufficient to establish the required causal connection. *See Ney v. Adventist Health Sys.*, No. 13-cv-1013, 2013 WL 3906553, at *3 (M.D. Fla. March 28, 2014) (dismissing FMLA retaliation claim where Plaintiff alleged that she was fired fourteen weeks after taking FMLA leave).

### D. State Law Claims

Counts IV through VIII of the Plaintiff's complaint assert causes of action under New York state law. (ECF No. 31 at 14-23.) Under 18 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Because the Court has dismissed the Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. *See Sutherland v. Global Equipment Co., Inc.*, No. 18-13384, 2019 WL 4896969, at *4 (11th Cir. Oct. 4, 2019) (holding that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over state law claims after dismissing FMLA and ADA claims).

## IV. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 32.**) The Court **dismisses** the Plaintiff's complaint (**ECF No. 6**) without leave to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.") The Clerk is directed to **close** this case. All pending motions, if any, are denied as **moot**.

**Done and ordered** in chambers at Miami, Florida on November 5, 2019.

_____
Robert N. Scola, Jr.
United States District Judge